**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Edgar Patricio Daquilema-Guaman,<br><br>Petitioner,<br><br>vs.<br><br>Kristi Noem, Secretary, Department of Homeland Security et al.,<br><br>Respondents. | Case No. 0:26-cv-01154-DMT-ECW |

**ORDER TRANSFERRING VENUE**

[¶ 1] THIS MATTER comes before the Court upon a Petition for Writ of Habeas Corpus filed on February 6, 2026. Doc. No. 1.

[¶ 2] Petitioner was in ICE custody in Cibola County Correctional Center in New Mexico at the time the Petition was filed. Despite this, Petitioner urges this Court to assert jurisdiction because Petitioner was arrested in Minnesota. In Rumsfeld v. Padilla, however, the Supreme Court held, "for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." 542 U.S. 426, 443 (2004). Petitioner argues that he should fall under the exception mentioned in Justice Kennedy's concurrence. Id. at 454 (Kennedy, J., concurring) ("where the Government was not forthcoming with respect to the identity of the custodian and the place of detention").

[¶ 3] This Court does not find the exception applies in this case. Petitioner was taken into custody on January 10, 2026, almost a month before this Petition was filed. There is no allegation that the government withheld information about his location. Therefore, since Petitioner was held in New

Mexico when the Petition was filed, transfer to the District of New Mexico is in the interest of justice. 28 U.S.C. § 1406(a).

[¶ 4] Accordingly, this case is **TRANSFERRED** to the United States District Court for the District of New Mexico for all further proceedings and disposition of all remaining motions.

[¶ 5] **IT IS SO ORDERED.**

DATED February 9, 2026.

Daniel M. Traynor, District Judge
United States District Court